UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>Plaintiff,<br>v.<br>VICENTE ESCALA COLOYAN, et al.,<br>Defendants. | Case No. 19-cv-00208-KAW<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO STATE COURT; ORDER GRANTING IN FORMA PAUPERIS APPLICATION**<br><br>Re: Dkt. Nos. 1, 3 |

On January 11, 2019, Defendant Karen Ibay Coloyan removed this unlawful detainer action from San Mateo County Superior Court, and applied to proceed *in forma pauperis*. (Not. of Removal, Dkt. No. 1; IFP Appl., Dkt. No. 3.) On February 21, 2019, Plaintiff U.S. Bank, National Association filed a motion to remand, as well as attorney's fees and costs incurred in filing the motion to remand. (Dkt. No. 9.)

As removal is clearly improper, and the parties have not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be remanded to state court and the motion to remand be denied as moot. Additionally, the Court grants Defendant's application to proceed *in forma pauperis*.

## I. BACKGROUND

Plaintiff commenced this unlawful detainer action against Defendants in San Mateo County Superior Court on or around December 10, 2018. (Not. of Removal at 22.[1]) Plaintiff alleges that on November 26, 2018, a foreclosure sale was held and Plaintiff took title to the property. (*Id.* at 23.) The complaint contains a single cause of action for unlawful detainer. (*Id.*

---

[1] When citing to the Notice of Removal, the Court relies on the ECF header page numbers.

at 23-24.) The case is a "limited civil case," in which Plaintiff seeks immediate possession of a certain property located in Daly City, California, which Defendants occupy. Plaintiff also seeks damages at the daily rate of $100, starting on December 7, 2018. (*Id.* at 24.)

On December 11, 13, 15, and 18, 2018, Plaintiff attempted to serve Defendants. (Not. of Removal at 12.) On January 2, 2019, the San Mateo County Superior Court issued an "Order for Service of Summons by Posting," allowing the summons and complaint to be posted at the property and mailed to Defendants. (*Id.* at 8.) On or around January 8, 2019, Defendants were served by posting. (Not. of Removal ¶ 2.) On January 9, 2019, Defendant Karen Coloyan removed the action to federal court on the ground that federal question and diversity jurisdiction exist. (Not. of Removal ¶ 7.)

## II. LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to

2

1 relief under state law requires resolution of a substantial question of federal law in dispute
2 between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,
3 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal
4 defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v.
5 Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

### III. DISCUSSION

Defendant Coloyan removed this unlawful detainer action from state court on the grounds that the district court has jurisdiction because the case presents a federal question.

#### A. Federal Question Jurisdiction

Defendant Coloyan conclusorily states that "[t]his action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331," but identifies no federal claims in the complaint. (Not. of Removal ¶ 7.) Instead, Defendant Coloyan states that "[t]he Complaint alleges that Defendants are in unlawful possession of their home, violations of a state statute, and consequently arises under the laws of the State of California . . . ." (Not. of Removal ¶ 8.) Thus, Defendant Coloyan has not shown why the resolution of Plaintiff's unlawful detainer claim will turn on a substantial question of federal law. The complaint, therefore, fails to present a federal question or a substantial question of federal law.

Moreover, the well-pleaded complaint rule prevents the Court from considering any additional claims, such that a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal. *See Provincal Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). Accordingly, even if Defendants could raise defenses based on federal law, such defenses would not establish federal question jurisdiction in this matter. Thus, Defendant Coloyan's contention that there are federal questions at issue in this litigation is misplaced.

#### B. Diversity Jurisdiction

District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is

between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Under the forum defendant rule, however, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, Plaintiff's citizenship is unknown, and Defendant Coloyan is a citizen of California as she lives in Daly City, California. (*See* Not. of Removal at 1.) Thus, the forum defendant rule applies, and the action is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

## IV. CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be REMANDED to state court for further proceedings and that the motion to remand be DENIED as moot. The Court GRANTS Defendant's request to proceed *in forma pauperis.*

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: February 25, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge